UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES

                                                   MEMORANDUM OF LAW
                                                   **07 cr. 964**

**Vs.**

DANIEL DE JESUS CEDENO,

        Defendant
-----------------------------------------------------------------X

## STATEMENTS OF FACTS

The defendant, Daniel De Jesus Cedeno, a national and citizen of the Dominican Republic, born on January 3, 1965 at Santo Domingo, Dominican Republic. He entered the United States on November 20, 1983 at JFK Airport, New York, as a legal permanent resident of the United States pursuant to a petition filed by his United States citizen mother.

On November 12, 1986, the defendant was convicted of the offense of Assault in First Degree by the Supreme Court of the State of New York, Kings County, New York. He was sentenced to confinement for a period of 1 ½ to 4 ½ years. Then after completed said sentence, the defendant was placed under deportation proceedings pursuant to an Order to Show Cause (OSC) dated December 1, 1987. Mr. Deceno was scheduled to appear before the Immigration Court at Buffalo, New York. He was charged under Section 241 (a)(4) of the Immigration and Nationality Act (INA), in that, had been convicted of a <u>crime involving moral turpitude</u> committed within five years after entry. See copy of OSC annexed as ***Exhibit A***.

That on September 6, 1988, the defendant appeared before the Immigration Judge at Buffalo, New York, and an order of deportation was entered against him. On

1

September 12, 1988, Mr. Cedeno was deported to Santo Domingo, Dominican Republic.

On July 5, 1990, Mr. Cedeno re-entered the United States at Miami, Florida International Airport. After had been inspected by the US Immigration officers, Mr Cedeno was admitted as a legal permanent resident. After remaining in the country for about 16 months he returned to Dominican Republic on November 28, 1991. Thereafter, on April 8, 1992, Mr. Cedeno last entered the United States at Miami, Florida International Airport where again he was inspected by US Immigration Officers and admitted as a legal permanent resident. See copy of defendant's passport stamped by US Immigration as *Exhibit B.*

Mr. Cedeno entered the United States through a recognized immigration port of entry bearing his passport and "green card" issued in his name. Since his last entry on April 8, 1992, he has continuously reside in the United States at the following address:
1. From April 1992 to March 2000 at 209 Skillman Avenue, Brooklyn, NY 11205.
2. From March 200 to December 2004 at 634 Kociusko Street, Brooklyn, NY 11221.
3. From December 2004 to the present at 147 Cherry Street, Mount Holly, NJ 08060.

Mr. Cedeno along with his common-law wife, Daisy L. Marcial, are the owners of the house located at 147 Cherry Street, Mt Holly, New Jersey, where they reside along with their two US citizen children. See title of ownership and birth certificate of his two children as *Exhibit C.*

That Mr. Cedeno was working at Green Landscape located at Mt. Lawrence, NJ 08054, for about a year and before that he was working for Chloe Food Corp., at 3301 Atlantic Avenue, Brooklyn, NY 11208. He was also a member of the worker's union Local 348 (UFCW) and has filed income tax since the year 1994 to 2006. See copy of his pay-stubs and statement from Social Security Administration annexed as *Exhibit D*.

## LEGAL ARGUMENT AND APPLICABLE LAW

Prosecution of an alien who, having previously been deported from the United States, subsequently enters, attempts to enter, or is at any time found in, the United States without prior express consent of the Attorney General is subject to the five-year statute of

limitations generally applicable to all non-capital federal offenses. Immigration and Nationality Act, §276(a)(2), 8 U.S.C.A. §1326(a)(2); 18 U.S.C.A. §3282.

The immigration authorities knew of his entry and could have, through the exercise of due diligence, typical of law enforcement authorities, discovered his violation at that time. See United States v. DiSantillo, 615 F2d 128 (1980, CA3 Pa) where the court held that under the statute,18 U.S.C.S. §3282, an alien may not be indicted under §1326 more than five years after he entered or attempted to enter the United States through an official Immigration and Naturalization Service (INS) port of entry when the immigration authorities had a record of when he entered or attempted to enter.

Statute of limitations in criminal cases begins to run when crime is complete; offenses committed under 8 USCS § 1326 is completed upon occurrence of one of three events, namely alien enters; attempts to enter, or is found in the Untied States. United States v. Acevedo 229 F3d 350 (2000, CA2 NY). Offense of illegal reentering U.S. following prior deportation is completed upon entry and five (5) years statute of limitation begins to run upon date entry occurred. United States v. Rivera-Ventura 885 F Supp 447 (1995, ED NY).

That in the instant case the statute of limitation starts to run since the defendant last "entered" the United States on April 8, 1992 and that more than five years has already passed to prosecute the instant offense. In addition to that, the defendant has not only entered the country with inspection but also could have been "found" in the United States on or about April 4, 1999, when defendant was arrested and prosecuted for a DWI before the Kings County Criminal Court. That as result of been arrested, Mr. Cedeno was fingerprint by NYCPD 83, and a complete report was available to them. That on June 11, 1999 he returned on a warrant and pled guilty to VTL 1192, sentenced to pay a fine. That if authorities would exercise due diligence on April 4, 1999, when defendant was found illegally in the United States, he should have been indicted within five years. See copy of rap sheet report as *Exhibit E.*

That because Immigration and Citizenship Enforcement has notice of the defendant's presence in the country and does nothing for more than 5 years, the statute has run and that the instant action is untimely.

## CONCLUSION

WHEREFORE, the defendant respectfully requests that this Court grant the relief sought herein and reserve to defendant the right to amend or supplement this motion for such other and further relief as this Court may deem just and proper.

Dated: Queens, New York
      December 14, 2007

                                            _____
                                            SUSANA ABARCA